UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



ARMANDO COLON,

                Petitioner,

-v-

SUPERINTENDENT ROBERT J. MCCLELLAN,

                Respondent.

No. 91-cv-6475 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

Now before the Court is the motion of Petitioner Armando Colon seeking reconsideration of the 1992 denial of his habeas petition. (Doc. No. 24.) For the reasons set forth below, the motion is denied.

On March 1, 1979, Petitioner was sentenced to twenty-five years to life in prison following his conviction for second-degree murder in New York State Supreme Court, Bronx County. *See People v. Colon*, 128 A.D.2d 422, 422 (1st Dep't 1987). On September 25, 1991, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking federal collateral review of his conviction. (Doc. Nos. 1, 8.) *See also Colon v. McClellan*, No. 91-cv-9475 (JSM), 1992 WL 162644 (S.D.N.Y. June 19, 1992). Petitioner advanced two arguments in his petition: first, that the evidence at his trial was legally insufficient because the testimony of his accomplice was not sufficiently corroborated and, second, that he was mentally incompetent to stand trial. *See Colon*, 1992 WL 162644, at *1. On June 19, 1992, Judge John Martin, formerly of this district, denied the motion, finding that there was no constitutional rule requiring corroboration of accomplice testimony, and that there was no reason to second-guess the trial judge's thoughtful

consideration of Petitioner's competency to stand trial. *See id.* at *1–2. The Second Circuit affirmed Judge Martin's ruling in an unpublished summary order on March 2, 1993. *See* 992 F.2d 319 (2d Cir. 1993) (table). Given the age of this case, the information available from the electronic docket is lacking in its completeness, but it is clear that on May 27, 2003 and again on December 16, 2013, the Second Circuit denied Petitioner's requests that the Court of Appeals authorize a successive habeas petition. (*See* Doc. Nos. 22, 23.) Nevertheless, on June 29, 2017, Petitioner filed a motion seeking reconsideration of Judge Martin's June 19, 1992 order pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 24.) In this motion, Petitioner seeks reconsideration of Judge Martin's conclusion that the state court's competency determination was constitutionally sound. (*See id.* at 6–7.) Because Judge Martin retired from this Court in 2003, the case was assigned to my docket on September 15, 2017.

Although Rule 60(b)(6) allows courts to relieve a party from a final judgment for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b)(6), such a motion "must be made within a reasonable time," Fed. R. Civ. P. 60(c). Moreover, the use of a Rule 60 motion for reconsideration in the habeas context is further complicated by the potential overlap between a motion for reconsideration and a successive habeas petition. Thus, when reviewing habeas petitions filed by state prisoners, federal courts must dismiss a successive petition under all but three extremely stringent circumstances. *See* 28 U.S.C. § 2244(b). Specifically, the Supreme Court has cautioned that in order to give meaning to the limitations Congress has placed on successive habeas filings through the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a Rule 60(b) motion that merely advances "claims" – that is, "an asserted federal basis for relief from a state court's judgment of conviction" – must be treated as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). It is only where the motion attacks "some defect in the

2

integrity of the *federal* habeas proceedings," for example voiding a judgment for lack of subject-matter jurisdiction or vacating a default judgment, that it should be treated as a proper motion for reconsideration. *Id.* at 532 (emphasis added).

Here, the Court concludes that Petitioner's motion for reconsideration of Judge Martin's decision clearly advances old and new "claims" for relief from the state court conviction, and, accordingly, it must be treated as a successive petition. While several components of Petitioner's argument are not entirely clear, he appears to merely renew his challenge to Judge Martin's conclusion that habeas relief was inappropriate. For example, Petitioner argues that "this court did err in denying [Petitioner's] habeas petition." (Doc. No. 24 at 3.) Furthermore, Petitioner appears to be contesting the constitutional propriety of the state court proceeding, an issue already decided by Judge Martin, by arguing that "the State Court's decision was an 'unreasonable application' of clearly established Federal law." (*Id.* at 9.) Again, these amount to attacks on the merits of the prior federal court habeas determination, and may not be raised under Rule 60(b). *See Gonzalez*, 545 at 532 n.4.

Having concluded that Petitioner's motion amounts to a successive petition, the Court is obliged to dismiss it unless (1) Petitioner's claim is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," (2) Petitioner's claim is based on a newly established "factual predicate" that "could not have been discovered previously through the exercise of due diligence," or (3) Petitioner is actually innocent in that he can "establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Petitioner] guilty of the underlying offense." 28 U.S.C. § 2244(b).[1] None of these

---

[1] While Petitioner's 1991 habeas petition was filed before the enactment of AEDPA, the successive petition considered here was filed in 2017, clearly long after AEDPA came into effect, and consideration of this petition is thus subject to AEDPA's requirements and standards. *See Mancuso v. Herbert*, 166 F.3d 97, 101 (2d Cir. 1999) ("AEDPA applies

3

apply here, and Petitioner has made no attempt to argue otherwise. As a result, the Court has no choice but to dismiss the petition.

Accordingly, IT IS HEREBY ORDERED THAT Petitioner's motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 24 and to mail a copy of this order to Petitioner.

SO ORDERED.

Dated: January 18, 2018
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

to a habeas petition filed after the AEDPA's effective date, regardless of when the petitioner filed his or her initial habeas petition and regardless of the grounds for dismissal of such earlier petition.").

4